*In re* MARRIAGE OF SHERRI L. ZUIDEMA, Petitioner-Appellant, and STEVEN J. ZUIDEMA, Respondent-Appellee.

Third District   No. 3—84—0358

Opinion filed August 16, 1985.—Rehearing denied September 17, 1985.

BARRY, J., dissenting.

William R. Shirk, of Weinstine & Shirk, of Morrison, for appellant.

Thomas H. Senneff, of Fulton, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner-appellant, Sherri L. Zuidema (Sherri), appeals from an order of the circuit court of Whiteside County which transferred to the respondent-appellee, Steven J. Zuidema (Steven), custody of the parties' two minor daughters.

Sherri contends that the trial court abused its discretion in modifying the custodial arrangements of the minor children, and lacked authority to modify custody under section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA). For the reasons set forth below, we do not address these contentions.

On December 12, 1975, a decree was entered dissolving the marriage of Sherri and Steven Zuidema. The decree incorporated a written settlement agreement in which the parties stipulated that custody of their minor children would be awarded to Sherri. On May 7, 1982, a hearing was conducted on a petition by Steven to modify the di-

vorce decree. An order was subsequently entered on May 26, 1982, which provided that custody of the minor children would remain with Sherri but would be transferred to Steven if she violated certain conditions.

On June 27, 1983, Steven filed a second petition to modify which alleged that Sherri had violated the conditions imposed by the trial court on May 26, 1982. A hearing was conducted on February 27, 1984, at which time the trial court heard testimony from Sherri, her boyfriend, her mother, and Steven. The court also interviewed the two minor children separately, *in camera*. On March 8, 1984, the trial court entered an order transferring custody of the two children to Steven. A post-trial motion filed by Sherri was denied by the court.

Modification of custody judgments is governed by section 610 of the IMDMA. (Ill. Rev. Stat. 1981, ch. 40, par. 610.) Section 610 was amended by Public Act 82—715, effective July 1, 1982. Thus, the amendment occurred after the trial court's ruling on Steven's first petition to modify but prior to the time he filed his second petition to modify. Under section 610, as amended, a different standard is applied in cases such as this depending on whether a motion to modify a custody judgment is made within two years after the judgment was entered.

We have reviewed the record and are unable to determine what standard the trial court applied when it ruled on Steven's second petition to modify. It is unclear whether the court applied section 610 as it existed prior to its amendment or the terms of section 610 as amended. Furthermore, assuming that the trial court applied section 610 as amended, it is unclear whether it proceeded under subsection (a) or subsection (b). Therefore, we reverse and remand.

For the foregoing reasons, the judgment of the circuit court of Whiteside County is reversed and remanded.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:

I would affirm the decision of the trial court in this case and, therefore, I must dissent from the opinion filed by the majority.

In reversing the custody order of the circuit court of Whiteside County, the majority does not find that the wrong legal standard was applied or that the decision to change custody was in any way erroneous. Instead, a new standard of review has apparently been adopted:

when the basis for the action of the trial court is "unclear" it will be reversed. I prefer to adhere to the traditional rules that the trial court will be affirmed unless error is clearly demonstrated by the appellant, and that the trial court is presumed to have acted correctly unless the contrary is shown. This court has in the past affirmed decisions of a trial court on the ground that the result was correct, even if the reasoning of the trial court was wrong (*Hausmeister, Inc. v. Waibel* (1975), 29 Ill. App. 3d 289, 329 N.E.2d 825), and I see no purpose in abandoning that principle in this case.

My careful review of the record on appeal indicates that, contrary to the statements contained in the majority opinion, the trial court clearly proceeded according to the amended version of section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 610) and that both subsections (a) and (b) were utilized. Effective July 1, 1982, the most significant factor in the amendment of section 610(b) was the addition of a "clear and convincing evidence" standard of proof.

In this case, the hearing on the petition to modify was held on February 29, 1984, some 20 months after the amendments had become effective. There is nothing in the record to give this court any reason to suspect that the trial court applied any version of section 610 other than the one then in effect.

On the date of the hearing, the circuit court docket indicates that an affidavit in support of the petition to modify was filed and that "Court finds 610(a) grounds." Thus, the record quite specifically indicates that the trial court initially proceeded under subsection (a) of section 610 (which was not changed by the 1982 amendment except to permit parties to stipulate), which provides:

> "Unless by stipulation of the parties, no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health." Ill. Rev. Stat. 1983, ch. 40, par. 610(a).

Having made the necessary finding that the requirements of subsection (a) had been met, and with the children represented by a guardian *ad litem*, the trial court proceeded to hear evidence. The following finding was recorded in the docket: "Court finds evidence clear and convincing that change in conditions occurred since last hearing caused by flaunting of live-in relationship of mother with one Schroeder and his abusive treatment of mother cause risk to children and the best interest of children require change in custody to father."

The trial court entered a written order on March 8, 1984, expressly stating that the standard for determining whether there should be a modification of the custodial provisions of the decree of divorce:

"A. [I]s governed by the provisions of Section 610(b) of the Illinois Marriage and Dissolution of Marriage Act.

B. That the evidence is clear and convincing *** modification *** necessary to serve the best interests of the children."

It is hard to imagine how the trial judge could have been more clear that he was applying the new 610(b) standard in this case. Both the docket entry and the written order recite that the evidence is "clear and convincing" that modification of custody from the mother to the father is necessary to serve the best interests of the children. The use of that phrase, in my view, verifies that the court applied the "clear and convincing" standard of section 610(b) as amended.

By reversing the order of the trial court on the ground that the trial court was "unclear," the majority today concerns itself with unwarranted speculation in this child custody case. It has long been the rule that the courts of Illinois have a special duty to protect the best interests of minors, regardless of whether procedural technicalities have been observed or not. (*Phelan v. Santelli* (1975), 30 Ill. App. 3d 657, 334 N.E.2d 391.) I believe the majority should have examined the merits of this appeal. Having reviewed the record and considered the arguments of the appellant, I am convinced that the trial court did not abuse its discretion in changing the custody of the two girls from the mother to the father. There is sufficient evidence in the record to support the court's finding that the girls are endangered in the environment which their mother had provided.

As I have indicated, I believe justice will be served by affirming the judgment of the trial court. However, since a reversal has been ordered, I agree that a new hearing on the petition should be mandated by this court.

Dissenting Opinion Upon Denial of Rehearing

JUSTICE BARRY, dissenting:

I must dissent from the denial of the father's petition for rehearing. The father calls to our attention the fact that the mother did not argue in either the trial court or on appeal that any standard other than amended sections 610(a) and 610(b) was applied (see Ill. Rev. Stat. 1983, ch. 40, par. 610). A basic principle of appellate procedure has been ignored in this case. Illinois Supreme Court Rule 341(e)(7)

expressly provides that points not argued by the appellant are waived. Thus, the majority bases its decision on an issue which was waived by the mother, the appellant here.

Furthermore, the majority states that it is unable to determine from the record what standard the trial court applied. As I indicated in my dissenting opinion, the record contains docket entries by the trial judge which make very clear that the appropriate standard was used. I believe this court makes a serious error in disregarding the best interest of the two minor children by injecting a procedural question which was not raised by the parties and which is plainly answered in the record before this court.

I would grant the petition for rehearing.